HERZLICH & BLUM, LLP
Attorneys-At-Law

27240 TURNBERRY LANE, SUITE 200
VALENCIA, CALIFORNIA 91355
Telephone (818) 783-8991

Allan Herzlich  State Bar #100920
Jerome J. Blum  State Bar #100317
Marta Roza State  Bar #307206
Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: SENIK BABAKHANIAN,<br><br>Debtor.<br><br>FIRST DATA MERCHANT SERVICES, LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SENIK BABAKHANIAN, an individual dba Allstate Radiator,<br><br>Defendant. | BK NO. 1:2021-bk-11500 MT<br><br>ADV NO.<br><br>Chapter 7<br><br>COMPLAINT TO DETERMINE AMOUNT OF DEBT AND TO DETERMINE DEBT TO BE NON-DISCHARGEABLE |

TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

1. Plaintiff, FIRST DATA MERCHANT SERVICES, LLC, a Florida limited is a creditor of the above-named debtor.

2. Defendant SENIK BABAKHANIAN (hereafter "BABAKHANIAN") of Encino, California, is the debtor in the above-captioned proceedings who conducts business as

-1-
COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE

HERZLICH
& BLUM, LLP

1  Allstate Radiator.

2

3　　　　3. Defendant BABAKHANIAN filed his Petition for Relief under Chapter 7 of
4  Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of
5  California, but the Defendant failed to list as one of his debts this debt to Plaintiff.

6

7　　　　4. This is an action under 11 USC §523(a)(2) and/or 523 USC §523(a)(4) and 11
8  USC §523(c) for a determination excepting the debt due to Plaintiff from discharge. This Court
9  has jurisdiction of this action under 28 USC §1334, and this Complaint constitutes a core
10 proceeding.

11

12　　　　5. In or March, 2017, Defendant BABAKHANIAN completed a Merchant
13 Processing Application and Agreement with Plaintiff to induce Plaintiff to process credit card
14 transactions for BABAKHANIAN and/or his business, Allstate Radiator (hereafter "AR"). As part
15 of that inducement and agreement, Defendant BABAKHANIAN represented to Plaintiff that he
16 was the 100% Owner of AR (in direct contrast with his representation to this Court in Part 1,
17 Section 4 of the Voluntary Petition that he has not used any business name in the last 8 years and
18 Part 3, Section 12 of the Voluntary Petition that he is not the sole proprietor of any business). In
19 accordance with the terms of that Merchant Agreement, Defendant BABAKHANIAN was
20 obligated to, and represented, among other things, that each transaction submitted to Plaintiff for
21 processing (i.e., payment to Defendant BABAKHANIAN)

22

23　　　　1) was for merchandise or service actually delivered to and/or performed
　　　　　　　for Defendant BABAKHANIAN/AR's customer(s) (the cardholder(s))
24

25　　　　2) was genuine and arose from a bona fide transaction;

26　　　　3) represented a valid obligation of the cardholder(s); and

27　　　　4) did not involve the use of a credit card for any other purpose set forth in
　　　　　　　items listed above.
28 ///

HERZLICH
& BLUM, LLP

-2-
COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE

6.  Plaintiff is further informed and believes, and based thereon alleges that commencing in or about July, 2020, Defendant BABAKHANIAN, intentionally processed certain credit card transactions for merchandise Defendant BABAKHANIAN and/or AR had not, in fact, actually delivered to, and/or for service(s) that had not actually been performed for, customer(s) (the cardholder(s)) and/or that were not, in fact, genuine or bona fide transactions and/or valid obligations of each of the cardholders; and/or intentionally used credit cards for a purpose other than to process a genuine, bona fide transaction that represented a valid obligation of each of the customers (the cardholders).

7.  As a result of such intentional actions by Defendant BABAKHANIAN, he was able to deceive Plaintiff into believing that he had a greater balance in his account with Plaintiff than he actually should have had and Defendant BABAKHANIAN, withdrew such "excess funds" with the knowledge that he had not actually delivered merchandise and/or actually performed services represented by the charges and was not actually and/or lawfully entitled to same.

8.  Plaintiff is informed and believes, and based thereon alleges that subsequent to Defendant BABAKHANIAN's withdrawal of the excess funds described in the foregoing paragraph, Defendant BABAKHANIAN and/or AR's customers "charged back" the amounts charged to their credit cards, creating a negative balance in Defendant BABAKHANIAN's account with Plaintiff.

9.  Due to Defendant BABAKHANIAN's failure to pay for the above-described charge backs, Plaintiff was left financially responsible to various credit card issuers for credit card charge backs caused by Defendant BABAKHANIAN/AR's failure to actually ship merchandise to and/or actually perform services for Defendant BABAKHANIA and/or AR's customers and failure to process transactions which would result in credits to its customers.

///

10. Plaintiff is informed and believes, and based thereon alleges that Defendant BABAKHANIAN knew at the time of making the above-referenced withdrawals that he was not entitled to withdraw such funds from his account with Plaintiff and falsely and fraudulently failed to ship merchandise to and/or perform services for Defendant BABAKHANIAN and/or AR's customers and process Defendant BABAKHANIAN and/or AR's customers' credit transactions for the purpose of deceiving Plaintiff to extend further credit and services and to make possible Defendant BABAKHANIAN's withdrawal of "excess funds" as above-stated.

11. By reason of said actions, Defendant BABAKHANIAN was able to deceive Plaintiff into continuing to process credit card transactions for Defendant BABAKHANIAN and/or AR and to allow Defendant BABAKHANIAN to withdraw funds from his account with Plaintiff. Plaintiff was unaware and, justifiably relying on said representations and account balance as being true, determined to continue to processing credit card transactions for Defendant BABAKHANIAN and/or AR and to allow Defendant BABAKHANIAN to withdraw funds from his account with Plaintiff. Had Plaintiff known said representations were untrue and/or that Defendant BABAKHANIAN and/or AR had intentionally failed to actually ship merchandise to and/or actually perform services for Defendant BABAKHANIAN and/or AR's customers and process Defendant BABAKHANIAN and/or AR's customers' credit transactions, it would not have processed credit card transactions for Defendant BABAKHANIAN and/or AR and/or allowed the above-referenced withdrawals.

12. By reason of the false and fraudulent statements of and/or intentional actions and failures to act of Defendant BABAKHANIAN, and by reason of Plaintiff's relying on the truthfulness of the same, this obligation is not dischargeable.

13. As a direct and foreseeable result of false and fraudulent statements of and/or intentional actions and failures to act of Defendant BABAKHANIAN, Plaintiff

-4-
COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE

HERZLICH
& BLUM, LLP

has been damaged in the sum of $49,573.61, plus interest thereon at the maximum legal rate from July 15, 2020.

WHEREFORE, Plaintiff prays for Judgment as follows:

1. That the Court determine the amount of debt in a sum according to proof, but no less than $49,573.61;
2. That the Court determine that the debt referenced above is a debt which may be excepted from discharge, after notice and hearing, under 11 USC §523(a)(2) and/or 11 USC §523(a)(4) and 11 USC §523(c);
3. That the day and date be set for hearing to determine the amount of debt and the non-dischargeability of said debt;
4. For costs herein expended;
5. For an order directing that Writs of Execution and Attachment issue against the Defendant for the amount of Plaintiff's Judgment plus interest; and
6. For such other relief to which the Plaintiff may be entitled.

DATED: December 6, 2021

Respectfully submitted,
HERZLICH & BLUM, LLP

By: _____
MARTA ROZA
Attorneys for Creditor/Plaintiff

HERZLICH
& BLUM, LLP

-5-

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE